1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   EDWARD WILLIAMS,

11              Plaintiff,                    No. CIV S-11-1266 GGH P
           vs.
12
     MIKE MARTEL, Warden, et al.,
13
                Defendants.                   ORDER
14   _____/

15          Plaintiff is a state prisoner proceeding pro se.  He seeks relief pursuant to 42

16   U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma

17   pauperis.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C.

18   § 636(b)(1).

19          Plaintiff has submitted a declaration that makes the showing required by 28

20   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

21          Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28

22   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff will not be assessed an initial filing fee.  28 U.S.C.

23   § 1915(b)(1).  Plaintiff will be obligated for monthly payments of twenty percent of the preceding

24   month's income credited to plaintiff's prison trust account.  These payments will be forwarded

25   by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

26   exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

1

1  The court is required to screen complaints brought by prisoners seeking relief

2  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

3  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

4  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

5  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

6  U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

9  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

10  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

11  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

12  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

13  Cir. 1989); Franklin, 745 F.2d at 1227.

14  A complaint must contain more than a "formulaic recitation of the elements of a

15  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

16  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

17  "The pleading must contain something more...than...a statement of facts that merely creates a

18  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

19  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

20  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft

21  v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  "A

22  claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

23  the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

24  In reviewing a complaint under this standard, the court must accept as true the

25  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

26  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

1  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.
2  1843 (1969).

3          Plaintiff alleges that his due process rights were violated in a prison disciplinary
4  hearing involving plaintiff's possession of heroin.  Plaintiff was found guilty and lost many
5  privileges including a loss of 120 days of behavior credits.  Plaintiff seeks monetary damages and
6  injunctive relief by voiding the guilty finding.  However, plaintiff has not demonstrated that the
7  disciplinary finding has been reversed, expunged or invalidated.

8          Plaintiff's complaint is dismissed, but he may file an amended complaint within
9  28 days of service of this order.  Failure to file an amended complaint will result in a
10  recommendation that this action be dismissed.

11          In Heck v. Humphrey, 512 U.S. 477 (1994), an Indiana state prisoner brought a
12  civil rights action under § 1983 for damages.  Claiming that state and county officials violated his
13  constitutional rights, he sought damages for improprieties in the investigation leading to his
14  arrest, for the destruction of evidence, and for conduct during his trial ("illegal and unlawful
15  voice identification procedure").  Convicted on voluntary manslaughter charges, and serving a
16  fifteen year term, plaintiff did not seek injunctive relief or release from custody.  The United
17  States Supreme Court affirmed the Court of Appeal's dismissal of the complaint and held that:

18          in order to recover damages for allegedly unconstitutional
            conviction or imprisonment, or for other harm caused by actions
19          whose unlawfulness would render a conviction or sentence invalid,
            a § 1983 plaintiff must prove that the conviction or sentence has
20          been reversed on direct appeal, expunged by executive order,
            declared invalid by a state tribunal authorized to make such
21          determination, or called into question by a federal court's issuance
            of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages
22          bearing that relationship to a conviction or sentence that has not
            been so invalidated is not cognizable under 1983.

23

24  Heck, 512 U.S. at 486.  The Court expressly held that a cause of action for damages under § 1983
25  concerning a criminal conviction or sentence cannot exist unless the conviction or sentence has
26  been invalidated, expunged or reversed.  Id.

1     The Supreme Court has extended the Heck bar to § 1983 suits that would negate

2 prison disciplinary proceedings that affect good-time credits.  Edwards v. Balisok, 520 U.S. 641,

3 648 (1997).  A prisoner's challenge to a disciplinary hearing procedure is barred if judgment in

4 his favor would necessarily imply the invalidity of the resulting loss of good-time credits.  Id. at

5 646.  So, a "prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief

6 sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

7 leading to conviction or internal prison proceedings ) – if success in that action would necessarily

8 demonstrate the invalidity of confinement or its duration."  Wilkinson v. Dotson, 544 U.S. 74,

9 81-82 (2005).

10     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

11 conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

12 Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

13 how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

14 there is some affirmative link or connection between a defendant's actions and the claimed

15 deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

16 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

17 vague and conclusory allegations of official participation in civil rights violations are not

18 sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19     In addition, plaintiff is informed that the court cannot refer to a prior pleading in

20 order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

21 amended complaint be complete in itself without reference to any prior pleading.  This is

22 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

23 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

24 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

25 original complaint, each claim and the involvement of each defendant must be sufficiently

26 alleged.

1        Plaintiff has also requested the appointment of counsel.  The United States

2  Supreme Court has ruled that district courts lack authority to require counsel to represent

3  indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

4  (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

5  counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

6  1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

7  court does not find the required exceptional circumstances.  Plaintiff's request for the

8  appointment of counsel will therefore be denied.

9        In accordance with the above, IT IS HEREBY ORDERED that:

10        1.  Plaintiff's request for leave to proceed in forma pauperis is granted.

11        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.

12  Plaintiff will not be assessed an initial filing fee.  All fees shall be collected and paid in

13  accordance with this court's order to the Director of the California Department of Corrections

14  and Rehabilitation filed concurrently herewith.

15        3.  Plaintiff's complaint is dismissed for the reasons discussed above, with leave

16  to file an amended complaint within twenty-eight days from the date of service of this Order.

17  Failure to file an amended complaint will result in a recommendation that this action be

18  dismissed.

19        4.  Plaintiff's May 11, 2011, request for the appointment of counsel (Docket No.

20  3) is denied.

21  DATED: June 6, 2011

22

23                    /s/ Gregory G. Hollows

24  _____

      GREGORY G. HOLLOWS

25  GGH: AB           UNITED STATES MAGISTRATE JUDGE

      will1266.b

26